United States District Court
Southern District of Texas
**ENTERED**
September 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Zondria McKinney, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-23-916 |
| | § | |
| City of Missouri City, | § | |
|    *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

This employment discrimination case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 29. Pending before the court is Plaintiff's Motion for New Trial. ECF No. 69. The court recommends that the motion be **DENIED**.

On April 17, 2025, the undersigned recommended that the City of Missouri City's Motion for Summary Judgment be granted. ECF No. 64. Judge Hittner adopted that recommendation, ECF No. 67, and entered final judgment dismissing McKinney's case with prejudice. ECF No. 68. McKinney now seeks relief from that judgment.

McKinney filed her motion on a form titled "Motion for New Trial." ECF No. 69. In her motion, she explains that she has been discriminated against and placed under duress. *Id.* at 1. She complains that she did not receive "a fair and equal opportunity to present this case to the assigned judge," and that there is "intent to cover up/suppress these unlawful acts again and again." *Id.* McKinney states that she has "always requested a jury trail [sic]" and "has never signed for or agreed to have a Magistrate Judge on the case." *Id.* She complains about the investigation that Missouri City apparently conducted pertaining to her allegations of

discrimination and harassment. *Id.* at 2. She alleges that Missouri City retaliated against her and fired her even though she had a legitimate claim. *Id.* She concludes with a request for a speedy trial. *Id.*

Although the instant motion purports to be one for a new trial, given that there was no trial in this case, the court construes Plaintiff's Motion as seeking post-judgment relief under either of Rules 59(e) or 60. Rule 59(e) permits a motion to alter or amend a judgment within 28 days of the entry of the judgment. A Rule 59(e) motion questions the correctness of a judgment but "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted). Reconsideration of a judgment under Rule 59(e) serves a narrow purpose and is "an extraordinary remedy that should be used sparingly." *Id.* (citation omitted). "To succeed on a Rule 59(e) motion, a party must clearly establish at least one of the following factors: (1) an intervening change in the controlling law, (2) the availability of new evidence, or (3) a manifest error of law or fact." *Est. of Brown v. Cypress Fairbanks Indep. Sch. Dist.*, 863 F. Supp. 2d 632, 634 (S.D. Tex. 2012).

Rule 60 permits a court to relieve a party from a final judgment or order because of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that has been satisfied, released, or discharged; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

To the extent that the pending motion is filed under Rule 59(e), it is late. Final judgment was entered on May 23, 2025, but McKinney did not file her motion until June 22, 2025, two days

after the twenty-eight day deadline. Moreover, McKinney mostly rehashes the arguments she made before judgment was entered. She does not identify a change in the law, new evidence, or any error in the court's findings or conclusions. To the extent that she complains about a magistrate judge handling her case on referral, that is not the basis for any objection and is entirely routine in federal court. *See* 28 U.S.C. § 636, Fed. R. Civ. Proc. 72.

McKinney also has failed to show that she is entitled to relief from the judgment under Rule 60. She does not identify any mistake, new evidence, or any other legal or factual reason that would warrant relief. She does make vague reference to a "cover up" and that she was not permitted a fair opportunity to present her case, but those allegations are entirely conclusory and without any evidentiary or legal support.

The court recommends that McKinney's Motion for New Trial be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on September 30, 2025.

_____
Peter Bray
United States Magistrate Judge

3